**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

---

CORRECTIONS CORPORATION OF AMERICA,

*Plaintiff-Appellant,*

v.

BETH ANN SCHARRER and THE N169SL FRACTIONAL APPELLEES,

*Defendants-Appellees.*

---

CASE NO. 8:14-cv-1742-T-30

---

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
THE HONORABLE CATHERINE PEEK MCEWEN
Bankruptcy Case No. 8:13-bk-09719-CPM

---

**ANSWER BRIEF OF APPELLEE, BETH ANN SCHARRER,**
**AS CHAPTER 7 TRUSTEE OF AVANTAIR, INC.**

---

Lynn Welter Sherman
Florida Bar No. 375616
Tiffany A. DiIorio
Florida Bar No. 0719706
Joey Schlosberg
Florida Bar No. 079685
Adams and Reese LLP
101 E. Kennedy Blvd., Suite 4000
Tampa, FL  33602
Telephone No. 813-402-2880
Facsimile No. 813-402-2887
lynn.sherman@arlaw.com
*Counsel for Appellee Trustee Beth Ann Scharrer*

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ ii

TABLE OF AUTHORITIES ........................................................................................................ iii

PRELIMINARY STATEMENT .....................................................................................................1

ISSUES PRESENTED AND THE APPLICABLE STANDARD OF REVIEW ...........................1

STATEMENT OF THE CASE........................................................................................................1

ARGUMENT ...................................................................................................................................3

CONCLUSION ................................................................................................................................6

# TABLE OF AUTHORITIES

**Cases**

*In re Dilley*, 378 B.R. 1 (Bankr. D. Me. 2007) ................................................................6

*LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.*, 212 F.3d 632 (1st Cir. 2000)....6

*Menotte v. United States (In re Custom Contractors, LLC)*, 745 F.3d 1342 (11th Cir. 2014) ........1

*Piatt v. Solomon (In re Piatt)*, 2008 WL 8444827 (9th Cir. BAP May 29, 2008)..........................6

**Statutes**

11 U.S.C. Section 362....................................................................................................2

11 U.S.C. Section 541................................................................................................1, 3

11 U.S.C. Section 554(a) .........................................................................................5, 6

11 U.S.C. Section 704(1) .........................................................................................5, 6

**Rules**

Rule 8009 of the Federal Rules of Bankruptcy Procedure ................................................1

## PRELIMINARY STATEMENT

Appellee, Beth Ann Scharrer, as Chapter 7 Trustee of Avantair, Inc. ("Trustee"), by and through her undersigned counsel, and pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure, files her answer brief in this consolidated appeal. Appellants, Corrections Corporation of America, Inc. and CCA of Tennessee, Inc., shall be collectively referred to herein as "Appellant." Citations to the record on appeal shall be designated by the docket number assigned by the Clerk, followed by the page number, e.g. "R 1-4, p. 6." Citations to documents in the bankruptcy case that are not part of the record on appeal shall be designated by the docket number assigned by the Clerk in the bankruptcy case, e.g. "Doc ____."

## ISSUES PRESENTED AND THE APPLICABLE STANDARD OF REVIEW

<u>Issue presented</u>: Whether the Bankruptcy Court erred in rejecting Appellant's proposed pooling approach and determining that the net proceeds from the sale of an aircraft operated by Avantair, Inc. as part of its fractional ownership program should be distributed only to the named fractional owners of that aircraft?[1]

<u>Standard of Review</u>: This appeal presents only issues of law, which are subject to a de novo standard of review. *Menotte v. United States (In re Custom Contractors, LLC)*, 745 F.3d 1342, 1346 (11th Cir. 2014).

## STATEMENT OF THE CASE

Appellee is the Chapter 7 Trustee of Avantair, Inc. ("Avantair"). Pursuant to 11 U.S.C. Section 541, all interests in property that Avantair had at the time the bankruptcy case was filed

---

[1] Appellant's brief suggests that the rights of the Trustee, as successor to Avantair, are also an issue that must be addressed in this appeal. (Appellant's Brief, p.1, n.1.) Appellant's only objection to the sale of any aircraft, however, is the distribution of the proceeds among the fractional owners of the aircraft among the fifth tier of the "waterfall." (R 1-50, p.1 and R 1-16, pp.8 and 9.) Thus, the interests of the Trustee in the various aircraft that are the subject of this consolidated appeal is not an issue on appeal. In each of the Settlement Agreements on appeal, the settling fractional owners and the Trustee have agreed that the Trustee has an interest in the subject aircraft, and the Bankruptcy Court has approved these settlement agreements without objection from any party in interest. *See* e.g. R 1-9, p. 2.

1

are property of the estate. Prior to the bankruptcy filing, Avantair Inc. operated a fleet of approximately 45 "fractionally owned" Piaggio P-180 aircraft.

Appellant's summary of the procedural history of the Avantair bankruptcy case, while generally correct, does mischaracterize certain proceedings in the Bankruptcy Court as they relate to the fractionally-owned aircraft that are the subject of this appeal. First, while Appellant is correct that the Court has established an omnibus procedure for fractional owners to seek relief from the automatic stay to take possession of specifically described airframes, engines, propellers, and parts, Appellant misinterprets the legal effect of the stay relief order. The order granting stay relief, as a legal matter, does not adjudicate substantive rights in and to the described aircraft parts.[2] To the contrary, a stay relief order merely lifts the statutory injunction imposed by 11 U.S.C. Section 362 to allow fractional owners to exercise whatever rights they may have under applicable non-bankruptcy law in an to the described property.

Similarly, the fractional owner stay relief orders do not, as suggested by Appellant, create Bankruptcy Court jurisdiction over an aircraft. The omnibus stay relief order, as well as each and every stay relief order obtained by any group of fractional owners, expressly states: "This order shall not constitute an adjudication that: any property is or is not property of the estate; or that the automatic stay does or does not apply." (Doc 344, pp. 12 and 15.) Similarly, the stay relief order does not "stay lien enforcement procedures or litigation outside the bankruptcy process," as suggested by Appellant. (Doc 344, pp. 11 and 14.)

---

[2] Each of the Settlement Agreements does provide for the sale of a specific airframe, together with the originally installed engines and propellers, which are described by serial number. See e.g. R 1-9, p. 10. There has been no objection made to the sale of the originally installed engines and propellers (as opposed to the engines and propellers installed at the time of the bankruptcy filing), and the Bankruptcy Court has not ruled on this issue. The Bankruptcy Court did, however, clarify that her ruling that the original fractional owners do not have an *in rem* interest in a part removed from one plane and installed on another plane does not apply with respect to engines and propellers. (R 1-17, p. 36.)

Appellant's brief also refers to the establishment in the Bankruptcy Court of a two-step process for selling aircraft. This statement implies that the Bankruptcy Court has established a mandatory process pursuant to which every aircraft in the fractional fleet will be liquidated through the Bankruptcy Court. This is not the case. The Trustee asserts that, as a result of the rights retained by Avantair under the Program Documents and other reasons, the Trustee has an interest in every fractionally-owned plane, which interest constitutes "property of the estate" under Section 541 of the Bankruptcy Code. The Bankruptcy Court, however, has not made such a finding. Certain fractional owner groups have entered into Settlement Agreements with the Trustee, acknowledging the bankruptcy estate's interest in the specifically described airframe, engine(s), and propellers. Each of these Settlement Agreements further provides for a procedure pursuant to which the described aircraft will be sold, and the proceeds distributed among lienholders, the Trustee, and the listed fractional owners. *See* e.g. R 1-9, pp. 3 and 13-29. To date, approximately 18 Settlement Agreements have been reached with fractional owner groups of specific aircraft. There is no Bankruptcy Court imposed requirement, however, that every fractionally-owned aircraft in Avantair fleet be sold through the Bankruptcy Court.

## ARGUMENT

The Bankruptcy Court correctly concluded that the cannibalization of parts does not create an *in rem* interest in the aircraft on which the part is subsequently installed, and creates only an *in personam* claim. (R 1-17, pp. 36 and 38; R 1-11, pp. 22, 23, 26, 35, 36 and 38; and R 1-17, pp. 33, 36, 42 and 43.) The Bankruptcy Court further correctly concluded that implementation of Appellant's proposed "pooling" approach could be impractical and unduly burdensome to the estate. (R 1-11, p.29.)

3

In light of the fact that the appeal involves only the issue of which group of fractional owners will share in the proceeds from the sale of a particular aircraft, the Trustee has no direct financial stake in the outcome of this appeal.  If Appellant prevails, the net proceeds from sale of every aircraft will be pooled and distributed ratably among all fractional owners of all aircraft in the Avantair fractional fleet.  Conversely, if Appellees prevail, only those fractional owners that received a bill of sale for a particular aircraft will share in the net proceeds (after payment of liens and expenses of sale) from the sale of that aircraft.

The Trustee, however, will be impacted by this appeal to the extent that the "pooling approach" proposed by Appellant will negatively impact the Trustee's efficient and orderly administration of the bankruptcy estate, and will circumscribe the Trustee's discretion to abandon assets that are burdensome or of inconsequential value.   In its brief, Appellant asserts that once this Court adopts the pooling approach, "then all the fractional share aircraft, wherever they were located at the time of the filing of the involuntary bankruptcy, will need to be turned over to the Trustee for a Section 363 sale." (Appellant's Brief, pp. 16-17.)  Appellant is apparently advocating for a process that would require the Trustee to attempt to sell all the fractionally owned aircraft, even if this involved expensive and protracted litigation (the cost of which would easily exceed the $40,000.00 the estate receives from the sale of an aircraft under the current form of Settlement Agreement).  Under Appellant's proposed pooling approach, the Trustee would then apparently be tasked with overseeing the allocation and distribution of the pooled sale proceeds among all fractional owners of the entire pool of aircraft.  This process would not be undertaken for the ultimate benefit of the bankruptcy estate and unsecured creditors.  Rather, the only beneficiaries of this lengthy and expensive process would be the

subset of fractional owners whose planes yielded less-than-average net sale proceeds to the fractional owner level of the waterfall.

Appellant's proposal will be prohibitively expensive, and will interfere with the Trustee's obligation to conduct an efficient and orderly administration of the estate.  11 U.S.C. § 704(1). Moreover, requiring the Trustee to administer all fractionally owned aircraft, regardless of the associated time and expense, would eliminate the Trustee's discretion to abandon assets that are "burdensome and of inconsequential value and benefit to the estate."  11 U.S.C. § 554(a).

While the Trustee continues to negotiate settlements with various fractional owner groups, it is highly unlikely that all fractional owner groups will voluntarily agree to settle on terms similar the settlements reached with respect to the aircraft involved in this consolidated appeal.  A ruling that would require the Trustee to litigate with all non-settling fractional owner groups to achieve the 100% participation needed to implement the pooling approach is unprecedented and finds no support in the Bankruptcy Code or case law.  While it is premature for the Trustee to decide whether to abandon her interest in any aircraft that do not voluntarily settle with the Trustee, there is no precedent for circumscribing the Trustee's business judgment in advance by requiring her to administer all fractionally-owned aircraft, regardless of the net benefit to the estate.

Section 704(1) of the Bankruptcy Code requires the Trustee to "collect and reduce to money the property of the estate . . . , and close such estate as expeditiously as is compatible with the best interests of parties in interest . . . ."  11 U.S.C. § 704(1).  Section 544 of the Bankruptcy Code, however, permits the Trustee to abandon property of the estate "that is burdensome . . . or that is of inconsequential value and benefit to the estate."  11 U.S.C. § 554(a).  Abandonment of an asset is in a trustee's discretion, and will be approved if based upon a good faith exercise of

the Trustee's business judgment. Abandonment is appropriate where the cost of administering an asset exceeds the benefit to the estate (as opposed to a limited subset of creditors) of doing so. *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 212 F.3d 632, 635 (1st Cir. 2000) ("When augmentation of an asset involves protracted investigation or potentially costly litigation, with no guarantee as to the outcome, the trustee must tread cautiously-and an inquiring court must accord him wide latitude should he conclude that the game is not worth the candle."); *Piatt v. Solomon (In re Piatt)*, 2008 WL 8444827, *4 (9th Cir. BAP May 29, 2008) ("To fulfill his statutory duty of expeditiously reducing the debtor's property to money for equitable distribution to creditors, the trustee has discretion to abandon property of the estate that is burdensome or of inconsequential value and benefit to the estate under § 554(a). . . . [T]he policy behind § 554 is to assist the trustee in complying with his statutory duty under § 704(a)(1)"); and *In re Dilley*, 378 B.R. 1, 7 (Bankr. D. Me. 2007) ("A decision to abandon falls within a trustee's discretion under the business judgment test."). Thus, to the extent adoption of the pooling approach would require the Trustee to pursue a sale of all fractionally-owned aircraft, regardless of the value of the plane and anticipated litigation costs, pooling is contrary to the goals of maximizing benefit to the estate. Moreover, the costly and protracted process of supervising the allocation and disbursement of those proceeds among all of the fractional owners will far exceed any potential benefit to Appellant or the other fractional owners of less than average planes.

## **CONCLUSION**

The Bankruptcy Court did not err in determining that the proceeds from the sale of an aircraft should be distributed only among the named fractional owners of that aircraft. Further, the pooling approach proposed by Appellant would impermissibly interfere with the Trustee's

orderly and efficient administration of the estate, and force the Trustee to commence protracted and costly litigation that would yield no net benefit to the estate. For the foregoing reasons, the decision of the Bankruptcy Court should be affirmed.

Dated: October 27, 2014

> */s/ Lynn Welter Sherman*
> **Lynn Welter Sherman**
> Florida Bar No. 375616
> **Tiffany A. DiIorio**
> Florida Bar No. 0719706
> Joey Schlosberg
> Florida Bar No. 079685
> Adams and Reese LLP
> 101 E. Kennedy Blvd., Suite 4000
> Tampa, FL  33602
> Telephone No. 813-402-2880
> Facsimile No. 813-402-2887
> lynn.sherman@arlaw.com
> *Counsel for Appellee Trustee Beth Ann Scharrer*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on October 27, 2014, a true and correct copy of the foregoing Answer Brief of Appellee, Beth Ann Scharrer, as Chapter 7 Trustee of Avantair, Inc. was furnished via CM/ECF to all parties registered with this case receiving notices via electronic noticing.

> */s/ Lynn Welter Sherman*
> **Lynn Welter Sherman**